**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**In Re**: Michael C. Badial                                         :Bankruptcy No. 14-11468
    and
    Jamie E. Badial
    a/k/a Jamie E. Rhoads
        Debtors                                                      :Chapter 13

**ORDER AUTHORIZING SALE OF REAL ESTATE**
**FREE AND CLEAR OF ALL LIENS, CLAIMS AND ENCUMBRANCES AND**
**WAIVER OF THE TEN DAY TIME PERIOD UNDER BANKRUPTCY RULE**
**6004(g)**

AND NOW, this __29th__ day of __August__, 2018, upon consideration of the Debtors' Motion To Sell Real Estate Free and Clear of all Liens, Claims and Encumbrances, is ORDERED and DECREED:

1. The Debtors' Motion is granted.

2. The Debtors are authorized to sell real property located at 426 Tanner Road, Hatboro, PA 19040 upon the terms and conditions of the Agreement of Sale pursuant to 11 U.S.C. Sections 363(b) and 1303 and at a sale price of $249,900.00.

3. The liens and claims shall attach to the proceeds of the sale described herein pursuant to the Agreement of Sale to the extent and with the priorities provided under applicable non bankruptcy law as such law may be modified by the bankruptcy code.

4. The Debtors are authorized and permitted to make the following distributions from the proceeds generated at settlement:

> (a) All ordinary closing costs including any real estate transfer taxes and realtor's commission shall be paid pursuant to and in conformity with the terms and conditions of the Agreement of Sale and as set forth on the settlement sheet.

> (b) Any and all past due real estate taxes, if any, and present real estate taxes, if any, shall be prorated to the date of settlement.

(c) Municipal claims, if any, including past due sewer, water or refuse charges, if any, and any present prorated municipal claims prorated to the date of settlement.

(d) Any and all mortgages existing on the subject premises, in order of lien priority, up to but not exceeding the then outstanding mortgage balance owed to said mortgage companies.

(e) Any remaining proceeds shall be distributed to the Debtors.

5. The purchase offer set forth herein pursuant to the Agreement of Sale is the highest and best offer for the property that the Debtors have received to date and constitutes the purchase in good faith and fair value within the meaning of Section 363 of the Bankruptcy Code.

6. There exists good and sufficient business justification for the Debtors to sell the property set forth within the Motion and for this Court to approve said Motion.

7. This Order shall be effective immediately and shall not be subject to the Stay otherwise imposed by Bankruptcy Rule 6004(g) or 11 USC Section 362.

8. The Debtors are authorized to sign all deeds and other documents needed to transfer good title to the real property to the buyer.

By The Court:

_____
**Honorable Jean K. FitzSimon
U.S. BANKRUPTCY JUDGE**