United States Bankruptcy Court
Eastern District of Pennsylvania

```
In re:                                                          Case No. 14-11468-jkf
Michael C. Badial                                               Chapter 13
Jamie E. Badial
        Debtors
```

# CERTIFICATE OF NOTICE

```
District/off: 0313-2           User: admin              Page 1 of 2            Date Rcvd: Nov 16, 2018
                               Form ID: 3180W           Total Noticed: 12
```

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Nov 18, 2018.
```
db/jdb         #+Michael C. Badial,    Jamie E. Badial,    426 Tanner Road,    Hatboro, PA 19040-2333
13286692        +ALTAIR OH XIII, LLC,    C O WEINSTEIN, PINSON, AND RILEY, PS,    2001 WESTERN AVENUE, STE 400,
                  SEATTLE, WA 98121-3132
13672711        +Diana M. Dixon, Esq.,    107 N. Broad Street,    Suite 307,    Doylestown, PA 18901-3755
13265788        +Fifth Third Bank,    PO Box 9013,    Addison, TX 75001-9013
13310259        +HomeBridge Financial Services, Inc.,    c/o Cenlar FSB,    425 Phillips Boulevard,
                  Ewing, NJ 08618-1430
13349787         US DEPT OF EDUCATION,    CLAIMS FILING UNIT,    PO BOX 8973,    MADISON WI 53708-8973
```

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
```
smg              E-mail/Text: megan.harper@phila.gov Nov 17 2018 02:28:22    City of Philadelphia,
                  City of Philadelphia Law Dept.,    Tax Unit/Bankruptcy Dept,    1515 Arch Street 15th Floor,
                  Philadelphia, PA 19102-1595
smg              E-mail/Text: RVSVCBICNOTICE1@state.pa.us Nov 17 2018 02:27:33
                  Pennsylvania Department of Revenue,    Bankruptcy Division,    P.O. Box 280946,
                  Harrisburg, PA 17128-0946
smg             +E-mail/Text: usapae.bankruptcynotices@usdoj.gov Nov 17 2018 02:28:00    U.S. Attorney Office,
                  c/o Virginia Powel, Esq.,    Room 1250,    615 Chestnut Street,    Philadelphia, PA 19106-4404
13260181         EDI: AIS.COM Nov 17 2018 07:13:00    American InfoSource LP as agent for,
                  Midland Funding LLC,    PO Box 268941,    Oklahoma City, OK 73126-8941
13346929         EDI: RMSC.COM Nov 17 2018 07:13:00    Synchrony Bank,    c/o Recovery Management Systems Corp,
                  25 SE 2nd Ave Suite 1120,    Miami FL 33131-1605
14075985        +EDI: RMSC.COM Nov 17 2018 07:13:00    Synchrony Bank,    c/o PRA Receivables Management, LLC,
                  PO Box 41021,    Norfolk, VA 23541-1021
                                                                                              TOTAL: 6
```

```
              ***** BYPASSED RECIPIENTS *****
NONE.                                                                                          TOTAL: 0
```

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

Addresses marked '#' were identified by the USPS National Change of Address system as requiring an update.
While the notice was still deliverable, the notice recipient was advised to update its address with the court
immediately.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Nov 18, 2018                              Signature:  /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on November 15, 2018 at the address(es) listed below:
```
              BRIAN CRAIG NICHOLAS    on behalf of Creditor    HomeBridge Financial Services, Inc.
               bnicholas@kmllawgroup.com, bkgroup@kmllawgroup.com
              DIANA M. DIXON    on behalf of Joint Debtor Jamie E. Badial dianamdixonesq@gmail.com
              DIANA M. DIXON    on behalf of Debtor Michael C. Badial dianamdixonesq@gmail.com
              FREDERICK L. REIGLE    on behalf of Trustee FREDERICK L. REIGLE ecfmail@fredreiglech13.com,
               ecf_frpa@trustee13.com
              JOSHUA ISAAC GOLDMAN    on behalf of Creditor    HomeBridge Financial Services, Inc.
               bkgroup@kmllawgroup.com, bkgroup@kmllawgroup.com
              KEVIN G. MCDONALD    on behalf of Creditor    HomeBridge Financial Services, Inc.
               bkgroup@kmllawgroup.com
              MATTEO SAMUEL WEINER    on behalf of Creditor    HomeBridge Financial Services, Inc.
               bkgroup@kmllawgroup.com
              THOMAS I. PULEO    on behalf of Creditor    HomeBridge Financial Services, Inc.
               tpuleo@kmllawgroup.com, bkgroup@kmllawgroup.com
              United States Trustee    USTPRegion03.PH.ECF@usdoj.gov
              WILLIAM MILLER*R    ecfemail@FredReigleCh13.com, ECF_FRPA@Trustee13.com
```

```
District/off: 0313-2          User: admin              Page 2 of 2              Date Rcvd: Nov 16, 2018
                              Form ID: 3180W           Total Noticed: 12
```

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system (continued)
                                                                                                    TOTAL: 10

| Information to identify the case: | | |
|---|---|---|
| Debtor 1 | **Michael C. Badial** | Social Security number or ITIN **xxx–xx–0458** |
| | First Name   Middle Name   Last Name | EIN  _ _–_ _ _ _ _ _ _ |
| Debtor 2 (Spouse, if filing) | **Jamie E. Badial** | Social Security number or ITIN **xxx–xx–2936** |
| | First Name   Middle Name   Last Name | EIN  _ _–_ _ _ _ _ _ _ |
| United States Bankruptcy Court | **Eastern District of Pennsylvania** | |
| Case number: | **14–11468–jkf** | |

## Order of Discharge     12/15

**IT IS ORDERED:** A discharge under 11 U.S.C. § 1328(a) is granted to:

Michael C. Badial

Jamie E. Badial
aka Jamie E. Rhoads

11/15/18

**By the court:**   Jean K. FitzSimon
United States Bankruptcy Judge

---

**Explanation of Bankruptcy Discharge in a Chapter 13 Case**

This order does not close or dismiss the case.

**Creditors cannot collect discharged debts**

This order means that no one may make any attempt to collect a discharged debt from the debtors personally. For example, creditors cannot sue, garnish wages, assert a deficiency, or otherwise try to collect from the debtors personally on discharged debts. Creditors cannot contact the debtors by mail, phone, or otherwise in any attempt to collect the debt personally. Creditors who violate this order can be required to pay debtors damages and attorney's fees.

However, a creditor with a lien may enforce a claim against the debtors' property subject to that lien unless the lien was avoided or eliminated. For example, a creditor may have the right to foreclose a home mortgage or repossess an automobile.

This order does not prevent debtors from paying any debt voluntarily. 11 U.S.C. § 524(f).

**Most debts are discharged**

Most debts are covered by the discharge, but not all. Generally, a discharge removes the debtors' personal liability for debts provided for by the chapter 13 plan.

In a case involving community property: Special rules protect certain community property owned by the debtor's spouse, even if that spouse did not file a bankruptcy case.

**Some debts are not discharged**

Examples of debts that are not discharged are:

♦ debts that are domestic support obligations;

♦ debts for most student loans;

♦ debts for certain types of taxes specified in 11 U.S.C. §§ 507(a)(8)( C), 523(a)(1)(B), or 523(a)(1)(C) to the extent not paid in full under the plan;

**For more information, see page 2**

- debts that the bankruptcy court has decided or will decide are not discharged in this bankruptcy case;

- debts for most fines, penalties, forfeitures, or criminal restitution obligations;

- some debts which the debtors did not properly list;

- debts provided for under 11 U.S.C. § 1322(b)(5) and on which the last payment or other transfer is due after the date on which the final payment under the plan was due;

- debts for certain consumer purchases made after the bankruptcy case was filed if obtaining the trustee's prior approval of incurring the debt was practicable but was not obtained;

- debts for restitution, or damages, awarded in a civil action against the debtor as a result of malicious or willful injury by the debtor that caused personal injury to an individual or the death of an individual; and

- debts for death or personal injury caused by operating a vehicle while intoxicated.

In addition, this discharge does not stop creditors from collecting from anyone else who is also liable on the debt, such as an insurance company or a person who cosigned or guaranteed a loan.

**This information is only a general summary of a chapter 13 discharge; some exceptions exist. Because the law is complicated, you should consult an attorney to determine the exact effect of the discharge in this case.**